# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANDREW REDD<br><br>                              Plaintiff,<br>vs.<br><br>TRIMBLE, WARDEN, ET. AL.<br><br>                              Defendants. | CASE NO. 11-cv-1275 LAB (WMc)<br><br>**ORDER DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE** |

## I.   INTRODUCTION

The petitioner David Andrew Redd ("Petitioner"), a state prisoner proceeding *pro se*, has requested appointment of counsel in connection with a federal habeas corpus petition filed June 9, 2011. He maintains he does not know how to file an answer, does not know what a "traverse" is, and lacks the ability to assemble facts and arguments to construct "legal answers." [ECF No. 6 at 3-4.] Petitioner contends these issues illustrate a need for court-appointed counsel. *Id.* After reviewing Petitioner's claims, this Court denies his request for appointment of counsel without prejudice.

## II.   STANDARD OF REVIEW

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant,* 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain rep-

resentation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Furthermore, the appointment of counsel is discretionary when no evidentiary hearing is necessary. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah*, 18 F.3d at 573.

### III.   DISCUSSION

**A. Prevention of Due Process Violations**

To determine if appointment of counsel is appropriate for Petitioner, the Court must examine the possibility and extent of due process violations that may arise as Petitioner proceeds *pro se*. In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970).

In the Eighth Circuit, "[t]o determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdullah v. Norris*, 18 F.3d at 573 (citing *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990)); *Hoggard*, 29 F.3d at 471; *Boyd v. Groose*, 4 F.3d 669, 671 (8th Cir. 1993); *Smith v. Groose*, 998 F.2d 1439, 1442 (8th Cir. 1993); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986). The Ninth Circuit also considers the clarity and coherence of a petitioner's district court pleadings to determine the necessity of appointment of counsel; if clear and understandable, the court usually finds appointment of counsel unnecessary. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *see also Chu Tran v. Malfi*, No. C 06-6374, 2007 WL 988117, at *2 (N.D. Cal. Apr. 2, 2007).

When determining if due process requires appointment of counsel, the Court utilizes the record before it to address the matter. Prior to the issuance of this motion, no answers have been filed. After reviewing Petitioner's federal habeas petition, filed *pro se* on May 29, 2011, it appears Petitioner has an adequate grasp of the case and the legal issues involved. Not only does Petitioner present his claims in a coherent manner, but he also references a multitude of case law, facially implying an understanding and ability to present such claims. Petitioner further illustrates his grasp of the case by his success in already clearly and properly pleading a position via a federal habeas petition, evidenced by this Court's order on June 16, 2011 requiring the Respondent to respond to such petition. [ECF No. 5.] Furthermore, Petitioner only presents one ground for relief in his federal habeas petition, demonstrating simplicity. [ECF No. 1 at 6.] This single ground for relief also lacks factual complexity as it deals solely with Petitioner's plea agreement in relation to the imposition of an upper term and enhanced criminal sentence; no complex factual patterns or discrepancies appear to exist warranting appointment of counsel at this time. [ECF No. 1 at 7-8.] Therefore, this Court finds no appointment of counsel necessary to prevent due process violations as Petitioner pursues his claims.

**B. Appointment of Counsel in the Interests of Justice**

Although Petitioner's case lacks complexity and he presents his claims in a coherent and understandable manner, his request for court-appointed counsel focuses on procedural matters rather than substantive issues. First, Petitioner contends he is "illiterate on how to file an answer." [ECF No. 6 at 1.] Although a petitioner may argue difficulty with researching and preparing pleadings, appointment of counsel is only authorized when "the court determines that . . . the interests of justice so require." *See Chu Tran*, 2007 WL 988117, at *2. Ultimately, no court-appointed counsel proves necessary at an early stage in which a petitioner simply filed a federal habeas petition which "clearly articulated his claims and the issues presented appear straightforward." *See id.* As of the date the Court issued this order, Petitioner filed a federal habeas petition, in which he clearly articulated his claims, but the Respondent has yet to respond. Because Petitioner must only file a single pleading at this early stage in his case, the Court finds the interests of justice do not require appointment of counsel to assist him.

1   Petitioner also claims because he is "not aware of a traverse, he [is] not good at putting
2 facts and arguments together on legal answers." [ECF No. 6 at 2.]  Even though a Petitioner may
3 file a traverse in response to Respondent's Answer, "Rule 5 . . . does not contemplate a traverse to
4 the answer, except under special circumstances" according to the general procedure set up by the
5 rules following § 2254 regarding remedies in Federal courts.  Rule 5, 28 U.S.C. foll. § 2254
6 advisory committee notes.  "In actual practice, the traverse tends to be a mere pro forma refutation
7 of the [answer], serving little if any expository function."  *Id.*  "In the interests of a more
8 streamlined and manageable habeas corpus procedure, it is not required except in those instances
9 where it will serve a truly useful purpose."  *Id.*  Because a traverse itself is a simple document and
10 Petitioner has already demonstrated a capacity to assemble facts and legal arguments in a
11 comprehendible manner, illustrated via his properly filed habeas corpus petition, no appointment
12 of counsel is necessary.

**C.  District Court's Ability to Deny Request for Court-Appointed Counsel**

14   The Court further notes "[w]here the issues involved can be properly resolved on the basis
15 of the state court record, a district court does not abuse its discretion in denying a request for
16 court-appointed counsel."  *Hoggard*, 29 F.3d at 471; *McCann v. Armontrout*, 973 F.2d 655, 661
17 (8th Cir. 1992); *Travis v. Lockhart*, 787 F.2d 409, 411 (8th Cir. 1986) (per curiam) (holding that
18 district court did not abuse its discretion in denying § 2254 habeas petitioner's motion for
19 appointment of counsel where allegations were properly resolved on basis of state court record).
20 At this stage of the proceedings, it appears the Court will be able to properly resolve the issues
21 involved on the basis of the state court record.

22   "The procedures employed by the federal courts are highly protective of a *pro se*
23 petitioner's rights.  The district court is required to construe a *pro se* petition more liberally than it
24 would construe a petition drafted by counsel."  *Knaubert*, 791 F.2d at 729 (citing *Haines v.*
25 *Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per
26 curiam)); *Bashor*, 730 F.2d at 1234.  The petition in this case was pleaded sufficiently to warrant
27 this Court's order directing Respondent to file an answer or other responsive pleading to the
28 petition.

"The district court must scrutinize the state court record independently to determine

whether the state court procedures and findings were sufficient." *Knaubert*, 791 F.2d at 729; *Richmond v. Ricketts*, 774 F.2d 957, 961 (9th Cir.1985); *Rhinehart v. Gunn*, 598 F.2d 557, 558 (9th Cir.1979) (per curiam); *Turner v. Chavez*, 586 F.2d 111, 112 (9th Cir.1978) (per curiam). Even when the district court accepts a state court's factual findings, it must render an independent legal conclusion regarding the legality of a petitioner's incarceration. *Miller v. Fenton*, 474 U.S. 104, 112 (1985). The district court's legal conclusion, moreover, will receive de novo appellate review. *Hayes v. Kincheloe*, 784 F.2d 1434, 1436 (9th Cir. 1986). Because this Court denies Petitioner's motion for appointment of counsel, it must "review the record and render an independent legal conclusion." *Knaubert*, 791 F.2d at 729. Moreover, because the Court does not appoint counsel, it must "inform itself of the relevant law. Therefore, the additional assistance provided by attorneys, while significant, is not compelling." *Id.*

## IV.     CONCLUSION AND ORDER THEREON

For the above-stated reasons, the "interests of justice" in this matter do not compel the appointment of counsel. Accordingly, Petitioner's request for appoint of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED**.

DATED:   August 30, 2011

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court