# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANDREW REDD<br><br>                              Plaintiff,<br>vs.<br><br>TRIMBLE, WARDEN, ET. AL.<br><br>                             Defendants. | CASE NO. 11-cv-1275 LAB (WMc)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |

## I.
## INTRODUCTION

David Andrew Redd ("Petitioner"), a California inmate proceeding *pro se* and *in forma pauperis,* challenges his conviction in San Diego Superior Court Case No. SCD220164 with a Petition for Writ of Habeas Corpus ("Petition"; Doc. No. 1) in this Court pursuant to 28 U.S.C. § 2254. Petitioner is currently serving a state prison term of twenty years in accordance with his plea of guilty to robbery as well as the admission of prior convictions. Petitioner claims his rights under the Sixth Amendment and Fourteenth Amendment were violated when the sentencing judge imposed an upper term of five years for the robbery count without allowing a jury to determine aggravating facts to support the imposition of an upper term. (Pet., Doc No. 1 at pp. 7-9; Traverse, Doc. No.12 at pp. 3, 8).

This Report and Recommendation is submitted to United States District Judge Larry A.

1  Burns pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule H.C.2 of the United States District
2  Court for the Southern District of California. After reviewing the Petition and Memorandum of
3  Points and Authorities in support thereof [Doc. No. 1], Respondent's Answer and Memorandum of
4  Points and Authorities in support thereof [Doc. No. 10], Petitioner's Traverse [Doc. No. 12], and
5  all of the supporting documents submitted by the parties, the Court recommends the Petition be
6  **DENIED** for the reasons stated below.

## II.
## PROCEDURAL HISTORY

On April 17, 2009, Petitioner was charged with one count of robbery. The felony complaint alleged several prior convictions including four convictions which qualified as serious or violent under California's Three Strike Law. Cal. Penal Code 667(b) (Lodgment 1.)

On October 1, 2009 Petitioner entered into a negotiated plea agreement with the prosecutor and completed a change of plea form reflecting the agreement. The plea form indicates Petitioner entered a plea of guilty to robbery, admitted only one of the prior strike allegations in order to avoid receiving an indeterminate life term and admitted two prior serious felony priors. Petitioner stipulated to a 20-year prison term which is also indicated on the plea form. (Lodgment 1 at pp. 3-4.) Petitioner also completed an addendum to the plea form entitled "Blakely Waiver." (Lodgment 1 at 6.) Petitioner initialed and signed the Blakely Waiver which: (1) states that he waived the right to trial by jury, and (2) indicates Petitioner agreed to allow the sentencing judge to determine whether to impose the upper term sentence. *Id*.

On November 2, 2009, the trial court imposed the stipulated term of twenty years, which comprised: the upper term for robbery consisting of five years, doubled to 10 years pursuant to the Three Strikes law along with two additional and consecutive five-year terms for the two serious felony priors (Lodgment 1 at p. 1.)

Petitioner filed three collateral challenges to the trial court's sentence by filing habeas corpus petitions at each state court level. (Lodgments 2-6.) Redd's petition in the superior court was filed on December 15, 2009 and denied on February 2, 2010. The superior court denied Redd's petition on the grounds that: (1) California changed the sentencing statute before his sentencing hearing to eliminate the need for a jury to determine facts to support an upper term and

(2) Petitioner signed a Blakely Wiaiver giving up his right to a jury trial on facts in aggravation that could be used to impose an upper-term sentence. (Lodgment 2 at pp. 1-2.) The court of appeal petition was filed on April 7, 2010 and denied on May 7, 2010. The court of appeal denied the petition on the grounds that: (1) Redd waived the right to a jury's determination of facts in aggravation that could be used to increase his sentence in the Blakely Waiver form, and (2) the sentence imposed by the trial court reflected his negotiated plea agreement and stipulation. (Lodgment 4.) Redd's California Supreme Court petition was filed on July 6, 2010 and denied on February 2, 2011 . *Id.* The California Supreme Court denied the petition without comment or citation. (Lodgment 6.)

## III.

## STANDARD OF REVIEW

Title 28, United States Code section 2254 and the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at Title 28, United States Code section 2254, subpart(d)(1), sets forth the following scope of review for federal habeas corpus claims:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. [. . .]
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(a), (d)(1)-(2).

When determining what constitutes "clearly established federal law" under section 2254(d)(1), federal courts look to U.S. Supreme Court holdings at the time of the state court's decision. *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 412) (2000)); *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) (citing *Andrade* to explain clearly established federal law is the governing legal principle or principles set forth by the U.S. Supreme Court at the time the state court renders its decision). In addition, Ninth Circuit law may be considered for its "persuasive authority in applying Supreme Court law." *Lewis v. Mayle*,

1  391 F.3d 989, 995 (9th Cir. 2004) (quoting *Van Tran v. Lindsey*, 212 F.3d 1143, 1154 (9th Cir.
2  2000)), *overruled in part on other grounds by Andrade*, 538 U.S. 63 (2003)); *see also Clark v.*
3  *Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003) (noting while circuit law may be persuasive
4  authority, "only the [U.S.] Supreme Court's holdings are binding on the state courts and only those
5  holdings need be reasonably applied").

6        The "contrary to" and "unreasonable application" clauses contained in section 2254(d)(1)
7  have independent meaning. *Williams*, 529 U.S. at 404-05; *Lambert*, 393 F.3d at 974; *Van Lynn v.*
8  *Farmon*, 347 F.3d 735, 738 (9th Cir. 2003). A state court decision is "contrary to" clearly
9  established federal law as determined by the U.S. Supreme Court if (1) the state court applies a
10 rule different from the governing law set forth in Supreme Court cases, or (2) the state court
11 confronts a set of facts that are materially indistinguishable from a Supreme Court case, but still
12 reaches a different result. *Williams*, 529 U.S. at 405-06, 412; *Bell v. Cone*, 535 U.S. 685, 694
13 (2002); *Andrade*, 538 U.S. at 73; *Lambert*, 393 F.3d at 974; *Clark*, 331 F.3d at 1067. A state court
14 is not required to even be aware of clearly established applicable Supreme Court cases, so long as
15 "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*,
16 537 U.S. 3, 8 (2002).

17       A state court decision involves an unreasonable application of Supreme Court law if (1)
18 the state court identifies the correct governing rule, but unreasonably applies the rule to a new set
19 of facts, or (2) "the state court either unreasonably extends a legal principle from our precedent to
20 a new context where it should not apply or unreasonably refuses to extend that principle to a new
21 context where it should apply." *Williams*, 529 U.S. at 407; *Wiggins v. Smith*, 539 U.S. 510, 520
22 (2003); *Andrade*, 538 U.S. at 76; *Lambert*, 393 F.3d at 974; *Clark*, 331 F.3d at 1067. For a state
23 court decision to be an unreasonable application of clearly established federal law, the state court
24 decision must be more than simply incorrect or erroneous; instead, the state court's decision must
25 be "objectively unreasonable." *Rompilla v. Beard*, 545 U.S. 374, 380 (2009) (citing *Wiggins*, 539
26 U.S. at 520-21); *Williams*, 529 U.S. at 409; *Vasquez*, 572 F.3d 1029, 1035 (citing *Andrade*, 538
27 U.S. at 75); *see also Hernandez v. Small*, 282 F.3d 1132, 1140 (9th Cir. 2002) (federal habeas
28 courts determine the reasonableness of the state court's decision, not its reasoning). Thus, this
Court will not disturb the decisions of the California state courts with respect to Petitioner's claims

1 unless the state courts' resolutions of those claims were "contrary to, or involved an unreasonable
2 application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. §
3 2254(d); *see also Ramirez v. Castro*, 365 F.3d 755, 762 (9th Cir. 2004).

4 Where there is no reasoned decision from the state's highest court, the Court "looks
5 through" to the last reasoned state court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-06
6 (1991); *Plascencia v. Alameida*, 467 F.3d 1190, 1198 (9th Cir. 2006); *Vasquez*, 572 F.3d at 1035;
7 *Van Lynn*, 347 F.3d at 738. If, however, the relevant state court decision does not provide an
8 adequate explanation or a discernable basis for its reasoning on a particular claim, the federal court
9 must conduct "an independent review of the record to determine whether the state court's decision
10 was objectively unreasonable." *Richter v. Hickman*, 578 F.3d 944, 951 (9th Cir. 2009), *rev'd on
11 other grounds*, *Premo v. Moore*, 131 S. Ct. 733 (2011) (quoting *Sass v. Cal. Bd. of Prison Terms*,
12 461 F.3d 1123, 1127 (9th Cir. 2006)); *accord Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir.
13 2003); *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

## IV.
## DISCUSSION

### i. Summary of Claims

17 Petitioner contends the trial court erred at sentencing when it imposed the upper term
18 without allowing a jury to determine the aggravating factors which could support the imposition of
19 an upper term. (Pet.; Doc. No. 1 at pp. 7-9.) By failing to provide Petitioner a jury trial for this
20 purpose, Petitioner contends the sentencing court violated his rights under the Sixth and
21 Fourteenth Amendment to the United States Constitution. (*Id.* at 9.; *see also* Traverse, Doc. No.12
22 at pp. 3, 8)   **ii. Respondent's Rebuttal**

23 Respondent contends Petitioner's claim should be rejected because Petitioner agreed to a
24 specific term and waived any right to a jury determination of facts that would permit imposition of
25 an upper term.. (Mem. P. & A.; Doc. No. 10 at pp.7-8.)

### iii. Relevant Law

27 "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime
28 beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a
reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (emphasis added). The

Supreme Court has held the "statutory maximum" for increasing a penalty for a crime "is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant . . .*". *Blakely v. Washington*, 542 U.S. 296, 303 (2004) (emphasis in original). Specifically, the Supreme Court recently held the middle term, not the upper term, is the "relevant statutory maximum" under California's Determinate Sentencing Law ("DSL"), and an upper term sentence could be imposed only if the trial judge found an aggravating circumstance. *Cunningham v. California*, 549 U.S. 270, 288 (2007).

In response to *Cunningham*, the California Legislature amended the DSL to eliminate the requirement that trial judges find an aggravating circumstance before imposing an upper term sentence. *See* CAL. PENAL CODE § 1170(b); *see also Butler v. Curry*, 528 F.3d 624, 652 n.20 (9th Cir. 2008), *cert. denied*, ___ U.S. ___, 129 S. Ct. 767 (2008) ("Following the decision in *Cunningham*, the California legislature amended its statutes such that imposition of the lower, middle, or upper term is now discretionary and does not depend on the finding of any aggravating factors."). Instead, "the choice of the appropriate term" now rests "within the sound discretion of the court." CAL. PENAL CODE § 1170(b).

The Court notes the Supreme Court has not held *Cunningham* applies to sentences resulting from plea bargains as is the case here. This means two things relevant to the Court's analysis. First, the relevant statutory maximum under California's DSL may not always be limited to the middle term. Second, the rule articulated in *Blakely* still applies, namely "[w]hen a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." *Blakely*, 542 U.S. at 310.

Based on the continued viability of *Blakely*, the California Court of Appeal denied Petitioner's claim, stating:

> "The record shows, as part of the negotiated plea agreement, Redd waived his right to a trial by jury. Redd also executed a *Blakely* waiver that stated he understood he had a right to have a jury determine the existence of any fact in aggravation that could be used to increase his sentence on any count or allegation to the upper or maximum term and he gave up that right. Redd specifically 'stipulated to the imposition of the [upper term] sentence as indicated on the change of plea form.' Redd received the benefit of his plea bargain and the sentence is not unlawful."

Lodgment 4.

1   Here, Petitioner's change of plea form and *Blakely* waiver addendum indicate Petitioner
2 pled guilty to the charged offense and stipulated to the prior strike conviction and the serious
3 felony priors in order to receive a determinate prison sentence of 20 years as opposed to an
4 indeterminate sentence. [Lodgment 1 at p. 3.] As part of this plea agreement, Petitioner was also
5 advised of his right to have a jury determine any facts in aggravation, but expressly waived those
6 rights when he checked and initialed the box on the *Blakely* waiver form which reads: "I now give
7 up these rights and stipulate to the imposition of the [upper term] sentence as indicated on the
8 change of plea form." [Lodgment 1 at p. 6.] Accordingly, the state court judge sentenced
9 Petitioner to the upper term on Count One as agreed by Petitioner. (Lodgment 1 at p. 2.) As a
10 result of Petitioner's stipulation, the upper term imposition on Count One was proper under the
11 Supreme Court's decision in *Blakely*. It is therefore **RECOMMENDED** the Court find the state
12 appellate court reasonably denied Petitioner's claim and that federal habeas relief be **DENIED**.

## V.

## CONCLUSION AND RECOMMENDATION

15   For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** the Court issue an
16 Order: (1) approving and adopting this Report and Recommendation, and (2) denying the Petition.

17   **IT IS ORDERED** that no later than **November 29, 2011**, any party to this action may file
18 written objections with the Court and serve a copy on all parties. The document should be
19 captioned "Objections to Report and Recommendation."

20   **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court
21 and served on all parties no later than **December 20, 2011**. The parties are advised that failure to
22 file objections within the specified time may waive the right to raise those objections on appeal of
23 the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951
24 F.2d 1553, 1156 (9th Cir. 1991).

25   **IT IS SO ORDERED**.

26 DATED:   November 8, 2011

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court